**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| OSSIE R. TRADER | : | CIVIL ACTION NOS. | 02-1117 |
| Petitioner | : | | 03-3595 |
| | : | | 04-2258 |
| | : | | 05-1595 |
| v. | : | | |
| | : | | |
| UNITED STATES | : | | |
| Respondent | : | | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 94-534-02 |
| | : | |
| v. | : | |
| | : | |
| OSSIE R. TRADER | : | |

**MEMORANDUM**

**Baylson, J.**                                                                      **November 29, 2005**

**I.      Introduction**

Numerous pleadings have been filed in this Court by Petitioner Ossie R. Trader

("Trader"), who pled guilty in 1995 to conspiracy to commit armed bank robbery, use of a

firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§2113(d),

924(c) and 2.  This Court sentenced Mr. Trader to 248 months on March 20, 2000.  Petitioner

originally filed a Petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255 on

March 1, 2002 under the above-captioned criminal case, which was also docketed as Civil Action

No. 02-cv-1117.  In an opinion dated June 11, 2002, Judge Reed denied the § 2255 Petition.

Since that time, Petitioner has filed three additional Petitions to vacate, set aside or

correct sentence pursuant to 28 U.S.C. 2255, docketed as Civil Action Nos. 03-cv-3595 (June 11,

2003), 04-cv-2258 (May 24, 2004), and 05-cv-1595 (April 7, 2005), all of which have been dismissed by this court.[1]

Mr. Trader then filed additional pleadings in the Third Circuit earlier this year, and by Order dated September 21, 2005, that Court ruled as follows:

> Applicant's motion for an exemption from compliance with Third Circuit L.A.R. 22.5 is granted. The foregoing application to file a second or successive motion under 28 U.S.C. § 2255 is denied. Applicant has not made a prima facie showing that any claim relies on a new rule of constitutional law made retroactive by the Supreme Court, nor does he present newly-discovered evidence which would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. See 28 U.S.C. § 2255 ¶ 8. Because the Applicant has failed to satisfy either standard for filing a second or successive § 2255 motion, his application is denied.

Since that time, Mr. Trader, who is pro-se, has filed the following Petitions in this Court:

1.      Motion to Amend/Correct dated July 21, 2005 (Doc. No. 174);

2.      Motion for Relief from Judgment Order Pursuant to Rule 60 F.R. Civ. P. dated August 25, 2005 (Doc. No. 178);

3.      Motion to Amend and Supplement Pleadings Pursuant to Rule 15(c)(1)(2) of the F.R. Civ. P. in Civil Actions dated September 14, 2005 (Doc. No. 179);

4.      Motion Pursuant to 18 U.S.C. 3582(c)(2) for Modification of Imposed Term of Imprisonment dated October 27, 2005 (Doc. No. 181);

5.      Petition Pursuant to 28 U.S.C. 1361 to Compel and Officer of the United States to Perform his Duty dated October 27, 2005 (Doc. No. 182);

---

[1]The undersigned dismissed the petition docketed 03-cv-3595 on January 23, 2004 (Doc. No. 135) without prejudice to Petitioner's right to file an appeal in the Third Circuit. On May 20, 2004 (Doc. No. 142), the Third Circuit denied Trader's application to file a second or successive Motion under 28 U.S.C. 2255. Thereafter, this court dismissed the petitions docketed 04-2258 on October 6, 2004 (Doc. No. 154) and 05-1595 on May 23, 2005 (Doc. No. 173), concluding that this district court lacked jurisdiction because the Third Circuit denied Petitioner's application to file a second or successive habeas petition.

6.      Petition to Proceed in Forma Pauperis dated October 27, 2005 (Doc. No. 183);

7.      Two Motions Pursuant to Rule 12(b)(1) of the F.R. Civ. P. dated October 7, 2005 (Doc. No. 184) and dated October 8, 2005 (Doc. No. 185);

8.      Motion Pursuant to Rule 12(b)(2) of the F.R. Civ. P. dated November 10, 2005 (Doc. No. 186).

## II.      Discussion

### A.      Motions Challenging Subject Matter Jurisdiction

In each of Petitioner's seven motions (except for the Motion to Modify the Term of Imprisonment, Doc. No. 181, discussed *supra*), he advances the exact same argument, merely changing the procedural devise underlying his challenge.  That is, he argues that the district court lacked subject matter jurisdiction over his criminal case and/or to enter the June 11, 2002 order and requests that this court remedy this error.  Specifically, the Petitioner contends that the government never offered proof that the F.D.I.C. insured the bank at issue, a prerequisite to establishing subject matter jurisdiction over the conspiracy to commit armed bank robbery charge.  In turn, because he believes the trial court lacked subject matter jurisdiction, Petitioner also contends that the court also lacked jurisdiction to issue the June 11, 2002 order (docketed as Civil Action No. 02-cv-1117) responding to Petitioner's original § 2255 motion to set aside his sentence.  Having independently and thoroughly considered all Trader's Motions, for the foregoing reasons, this Court concludes that each must be denied.

Regarding Petitioner's motions advanced under or related to F.R. Civ. P. 60,[2] this Court

---

[2]First, Petitioner filed a Motion for Relief from Judgment Pursuant to F.R. Civ. P. 60 (Doc. No. 178) on August 25, 2005.  On September 14, 2005, he filed a "Motion to Amend and Supplement Pleadings Pursuant to Rule 15(c)(1)(2) of F.R. Civ. P, which was a motion to amend the original Rule 60 motion (Doc. No. 179).

is without jurisdiction under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA").  AEDPA bars second or successive habeas petitions absent exceptional

circumstances and certification by the appropriate court of appeals. 28 U.S.C. § 2255; Robinson

v. Johnson, 313 F.3d 128, 139-140 (3d. Cir. 2002).  Habeas petitioners must therefore be careful

to marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions,

or else face the "second or successive" procedural bar that AEDPA has created.  Further,

Gonzalez v. Crosby, 125 S.Ct. 2641 (U.S. 2005), held that a Rule 60 motion for relief from

judgment, when it advances substantive claims following denial of a habeas petition, is properly

classified as a "second or successive habeas petition."  Id. at 2647. Only when the Rule 60(b)

motion attacks not the substance of the federal court's resolution of a claim on the merits, but

some defect in the integrity of the federal habeas proceedings, should it *not* be treated like a

habeas corpus action.  Id. at 2648.

Here, Petitioner's original habeas claim was long-ago denied (as have the three

subsequently filed), yet he continues to advance substantive claims.  Therefore, in view of the

Court's decision in Gonzalez and the Third Circuit Court of Appeals' September 21, 2005 order

denying Trader's motion to pursue a second or successive petition, this Court concludes that it

has no jurisdiction to entertain Petitioner's Rule 60 and related claims.[3]

Next, Mr. Trader advances two motions pursuant to Rule 12(b) of F.R. Civ. P. – one

---

[3]Related to the Rule 60 motion, Trader filed a petition for mandamus relief (Doc. No. 182), asking the Court to compel Judge Reed, before whom Trader believed the Rule 60 motion was pending, to "forthwith grant the motion." Judge Reed is a member of this Court and one judge of this Court cannot command the performance of another judge.  Accordingly, his "Petition Pursuant to 28 U.S.C. 1361 to Compel and Officer of the United States to Perform his Duty" is wholly without merit.

invoking Rule 12(b)(1) and the other Rule 12(b)(2)[4]  Both are similarly without merit.  Regarding

Rule 12(b)(1), concerning dismissal of a civil case based on lack of jurisdiction over the subject

matter jurisdiction, Petitioner conflates his contentions regarding the court's jurisdiction over the

initial *criminal* matter with those respecting the *civil* § 2255 habeas petition challenging his

sentence.  First, as to the civil habeas action, this Court had federal question jurisdiction under 28

U.S.C. § 1331 to entertain it, as it was brought pursuant to a federal statute, namely 28 U.S.C. §

2255.  Thus, Judge Reed unquestioningly had subject matter jurisdiction to enter the June 11,

2002 order.   Second, regarding the underlying *criminal* conviction, the Federal Rules of Civil

Procedure — which govern only "the procedure in the United States district courts in all suits of

a *civil* nature"— simply provide no basis to challenge subject matter jurisdiction of a *criminal*

action.  F.R. Civ. P. 1 (emphasis added). See, e.g., U.S. v. Dickerson, 166 F.3d 667, 679 (4th Cir.

1999), reversed on other grounds, 530 U.S. 428 (2000) (holding that "the Federal Rules of Civil

Procedure are not binding in criminal proceedings.").  As such, any argument that Rule 12(b)(1)

provides a basis to challenge this court's subject matter jurisdiction over the underlying criminal

action is incorrect.[5]  F.R. Civ. P. 12(b)(2) is of even less help to Petitioner because 12(b)(2) is a

---

[4]Petitioner filed a motion pursuant to F.R. Civ. P. 12(b)(1) on October 7, 2005 (Doc. No. 184), which seemingly was docketed in duplicate on October 8, 2005 (Doc. No. 185).  He also filed a motion under to F.R. Civ. P. 12(b)(1), dated November 10, 2005 (Doc. No. 186).

[5]Even if the Federal Rules were relevant, Petitioner's motion would still fail.  While Petitioner is correct that improper jurisdiction can not be waived and may be raised at any time during trial or during the appellate process, it is generally *not* a ground for collateral attack. See Brown v. United States, 508 F.2d 618, 630-31 (3d Cir. 1974) (citing Supreme Court's case in Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371 (1940), instructing that lack of jurisdiction is not a ground for collateral attack as long as party was afforded an opportunity to litigate the issue).  Brown precludes a collateral attack here, for it is not suggested that Petitioner was unable to raise his jurisdictional objection during trial or appeal. He had ample opportunity to contest the issue of subject matter jurisdiction, but he failed to do so.

basis to challenge jurisdiction over the *person*, not subject matter jurisdiction, as Petitioner advances.  Petitioner's two motions pursuant to Rule 12(b) of the Federal Rules must accordingly be denied.

### B.    Motion to Modify Sentence in Light of U.S. v. Booker

Relying upon 18 U.S.C. § 3582(c)(2)[6] and the Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005), Trader also filed a Motion for Modification of Imposed Term of Imprisonment (Doc. No. 181).  While he concedes his sentence under the mandatory guidelines was "reasonable," Petitioner contends the presumed effect of Booker is to "lower all the guideline ranges," and thus he should be re-sentenced.  This, too, must be denied.

The provisions of § 3582(c)(2) are triggered when the Sentencing Commission amends the guidelines, resulting in the lowering of the sentencing range under which a defendant was sentenced. United States v. Sanchez, 140 Fed.Appx. 409, 410 (3d Cir. 2005) (non-precedential decision); United States v. Caldwell, 155 F. Supp. 2d 292, 294 (E.D. Pa. 2001) (citation omitted). In Booker, the Supreme Court held that the provision of the Sentencing Reform Act of 1984 that made the Guidelines mandatory was incompatible with the Sixth Amendment.  United States v. Miller, 417 F.3d 358, 362 (3d Cir. 2005).  This made the Federal Sentencing Guidelines, once a

---

[6]18 U.S.C. § 3582(c)(2) provides:
> (c) The court may not modify a term of imprisonment once it has been imposed except that --- (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

mandatory regime circumscribing the discretion of district court judges, effectively advisory. United States v. Davis, 407 F.3d 162, 163 (3d Cir. 2005).

However sweeping the holding in Booker may have been, contrary to Petitioner's assertions, Booker did *not* lower any specific guideline range.  Sanchez, 140 Fed.Appx. at 410 (non-precedential decision holding that Booker did not "effectively amend" the Sentencing Guidelines as defendant argued and thus provided no basis for relief under § 3582(c)(2)); United States v. Hall, 2005 WL 1176049 (E.D. Pa. May 17, 2005) (same).  Petitioner has not identified any reduction in the offense level designation made by the Sentencing Commission that would apply to him.  Consequently, he is not entitled to a reduction in sentence under 18 U.S.C. § 3582(c)(2).[7]

**VI.    Conclusion**

Having reviewed all of Trader's Motions, this Court concludes that each must be denied.[8] An appropriate Order follows.

A:\94-534-2, US v Ossie Trader, 11-29-05 order.wpd

---

[7]Further, to the extent that Trader seeks to apply Booker retroactively to his sentence and to incorporate the Booker holding into his 18 U.S.C. § 3582(c)(2) claim, his argument is without merit.  The Third Circuit has held that Booker does not apply retroactively where the judgment was final as of January 12, 2005, the date Booker.. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir.2005).  Trader's sentencing was final years before Booker was decided. Thus, Booker is inapplicable.

[8]However, this Court grants Trader's Petition to Proceed in Forma Pauperis dated October 27, 2005 (Doc. No. 183).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| OSSIE R. TRADER | : | CIVIL ACTION NOS. | 02-1117 |
| Petitioner | : | | 03-3595 |
| | : | | 04-2258 |
| | : | | 05-1595 |
| v. | : | | |
| | : | | |
| UNITED STATES | : | | |
| Respondent | : | | |

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 94-534-02 |
| | : | |
| v. | : | |
| | : | |
| OSSIE R. TRADER | : | |

## <u>ORDER</u>

AND NOW, this 29th day of November, 2005, based on the foregoing memorandum and upon consideration of the motions:

1. Petition to Proceed in Forma Pauperis dated October 27, 2005 (Doc. No. 183) is GRANTED;

2. Motion to Amend/Correct dated July 21, 2005 (Doc. No. 174) is DENIED;

3. Motion for Relief from Judgment Order Pursuant to Rule 60 of the F.R. Civ. P. dated August 25, 2005 (Doc. No. 178) is DENIED;

4. Motion to Amend and Supplement Pleadings Pursuant to Rule 15(c)(1)(2) of the F.R. Civ. P. in Civil Actions dated September 14, 2005 (Doc. No. 179) is DENIED.

5. Motion Pursuant to 18 U.S.C. 3582(c)(2) for Modification of Imposed Term of Imprisonment dated October 27, 2005 (Doc. No. 181) is DENIED;

6. Petition Pursuant to 28 U.S.C. 1361 to Compel and Officer of the United States to Perform his Duty dated October 27, 2005 (Doc. No. 182) is DENIED;

7. Two Motions Pursuant to Rule 12(b)(1) of the F.R. Civ. P. dated October 7, 2005 (Doc. No. 184) and dated October 8, 2005 (Doc. No. 185) are DENIED; and

8. Motion Pursuant to Rule 12(b)(2) of the F.R. Civ. P. dated November 10, 2005 (Doc. No. 186) is DENIED.

**BY THE COURT:**
**s/Michael M. Baylson**

_____
**MICHAEL M. BAYLSON, U.S.D.J.**