**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 94-534-02 |
| | : | |
| v. | : | |
| | : | |
| OSSIE R. TRADER | : | |

**MEMORANDUM**

**Baylson, J.** **July 12, 2006**

**I.    Introduction**

Currently before this Court is a "Motion Pursuant to 18 U.S.C. 3583(c)(2) and 1B1.10

Reduction in Term of Imprisonment as Result of Amended Guideline Range" (Doc. 191), filed

by Petitioner Ossie R. Trader ("Trader").  Trader originally pled guilty in 1995 to conspiracy to

commit armed bank robbery, use of a firearm during a crime of violence and aiding and abetting

in violation of 18 U.S.C. §§2113(d), 924(c) and 2.  This Court sentenced Mr. Trader to 248

months on March 20, 2000.  Since that time, Mr. Trader, who is pro-se, has filed numerous

habeas petitions and other motions, all asking this Court to set aside or reduce his sentence, and

all of which have been found to be without merit and denied.[1]

**II.    Discussion**

---

[1]Petitioner has filed four petitions to vacate, set aside or correct sentence pursuant to 28
U.S.C. 2255, docketed as Civil Action No. 02-cv-1117 (March 1, 2002), Civil Action Nos. 03-
cv-3595 (June 11, 2003), 04-cv-2258 (May 24, 2004), and 05-cv-1595 (April 7, 2005), all of
which have been dismissed by this court.  Additionally, using various procedural devises, he filed
eight separate motions challenging the trial court's subject matter jurisdiction over his criminal
case, which this Court denied in one memorandum/order dated November 30, 2005.  Finally, he
filed a Motion for Reconsideration pursuant to Rule 60(b), which this Court interpreted as a
second, successive habeas petition and accordingly denied on January 31, 2006.

Relying upon 18 U.S.C. § 3582(c)(2)[2] and section 1B1.10 of the United States Sentencing

Guidelines (the "Guidelines" or "USSG"), Petitioner now advances a new argument to have his

sentence reduced.  Having independently and thoroughly considered Trader's Motion, for the

foregoing reasons, this Court concludes that it must be denied.

The provisions of § 3582(c)(2) are only triggered when the Sentencing Commission

amends the guidelines, resulting in the lowering of the sentencing range under which a defendant

was sentenced. United States v. Sanchez, 140 Fed. Appx. 409, 410 (3d Cir. 2005) (non-

precedential decision); United States v. Caldwell, 155 F. Supp. 2d 292, 294 (E.D. Pa. 2001)

(citation omitted).

Although not entirely clear, Trader seems to suggest that Amendment 506 to the

Guidelines, which precluded consideration of enhancements in calculating the "offense statutory

maximum," was an amendment to the statutory offense that underlaid his sentence and requires

this Court to lower his sentence.  U.S.S.G. § App. C, amendment 506 (Nov. 1994).  However,

Amendment 506 of the Guidelines was invalidated by the Supreme Court's decision in United

States v. LaBonte, 520 U.S. 751, 756-57 (1997), which found it to be "at odds with the plain

language of § 994(h)," and has been subsequently been superseded by Amendment 567.  See,

---

[2]18 U.S.C. § 3582(c)(2) provides:
> (c) The court may not modify a term of imprisonment once it has been
> imposed except that --- (2) in the case of a defendant who has been
> sentenced to a term of imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission pursuant to 28
> U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission.

e.g., <u>United States v. Bell</u>, 445 F.3d 1086, 1090 (8th Cir. 2006); <u>United States v. Bissonette</u>, 281 F.3d 645, 647 (7th Cir. 2002).  Petitioner has not identified any reduction in the actual level designation made by the Sentencing Commission for his offense of conviction or an applicable court holding that would apply to him.  Consequently, he is not entitled to a reduction in sentence under 18 U.S.C. § 3582(c)(2).

## VI.     Conclusion

Having reviewed Trader's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3583(c)(2), for the foregoing reasons, this Court concludes that it must be denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 94-534-02 |
| | : | |
| v. | : | |
| | : | |
| OSSIE R. TRADER | : | |

## ORDER

AND NOW, this        day of July, 2006, based on the foregoing memorandum, Petitioner's "Motion Pursuant to 18 U.S.C. 3583(c)(2) and 1B1.10 Reduction in Term of Imprisonment as Result of Amended Guideline Range" (Doc. 191) is DENIED.


BY THE COURT:

/s/ Michael M. Baylson

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

-3-